MICHAEL GUERRIRO, RESPONDENT, v. PHILIP DI TROLIO, APPELLANT.

Submitted May 12, 1928—Decided December 7, 1928.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellant, *William H. Parry.*

For the respondent, *Arthur B. Seymour.*

The opinion of the court was delivered by

Trenchard, J. This was an action on a mechanics' lien claim by the plaintiff against Joseph Venosa, builder, and Philip Di Trolio, owner.

On this the owner's appeal, the only question presented is the legal propriety of the action of the trial judge, sitting without a jury, in entering judgment for the plaintiff "specially to be made of the lands of the defendant, Philip Di Trolio," &c.

At the trial it appeared, and was undisputed, that the defendant owner entered into a written contract with a general contractor for the erection of a garage on the defendant's land; that the owner's name was Philip Di Trolio, and his title to such land stood of record, and he signed such contract, in that name (English spelling of Philip); that such contract, together with the specifications accompanying the same, was filed in the office of the county clerk; that thereafter the plaintiff did the work and furnished the materials here in question in the erection of the foundation of such garage, at the request of a subcontractor of the general contractor.

It also appeared that when the original contract was filed it was indexed by the county clerk, so far as the Christian name of the owner was concerned, under the Italian spelling of "Filippe," as it appeared in the body of the contract, instead of the English spelling of "Philip," as it was signed in the contract.

Apparently it was because of this slight variation in the Christian name, and only because of it, that the plaintiff contended below, and the trial judge found, that the filing of the contract was ineffectual to protect the land and building of the owner from the claim of the plaintiff.

We think that such view of the trial judge was wrong.

Section 2 of the Mechanics' Lien act (*Comp. Stat., p.* 3293) declares that "whenever any building shall be erected in whole or in part by contract in writing, such building and the lands whereon it stands shall be liable to the contractor alone for work done or materials furnished in pursuance of

such contract; provided, said contract, or a duplicate thereof, together with the specifications accompanying the same, or a copy or copies thereof, be filed in the office of the clerk of the county in which such building is situate before such work done or materials furnished," &c.

Now it is seen that under the facts in the present case, plaintiff is excluded by the express words of the above section from occupying a position of lienor against the property of the defendant owner. The facts exactly fit the statutory conditions. The plaintiff's claim is for work and materials furnished in pursuance of a contract in writing, duly filed, before the work and materials were furnished.

In *Earle* v. *Willets & Co.*, 56 *N. J. L.* 334, our Court of Errors and Appeals held that a filed contract, although signed by a person other than the owner, in the absence of fraud, will, under that section of the Mechanics' Lien act, protect the land and building of the owner of the land from all claims except those of the contractor.

It follows logically from that decision that, under section 2 of the Mechanics' Lien act, the filing in the office of the county clerk of a building contract, together with the specifications accompanying the same, before the work done or materials furnished, protects the building and the land whereon it is erected from all claims except those of the contractor, in the absence of fraud, even though such contract, so far as the Christian name of the owner was concerned, was indexed by the county clerk under the Italian spelling of such Christian name as it appeared in the body of the contract, instead of the English spelling thereof as it was signed in such contract.

In the present case there is no evidence of fraud, nor suggestion of fraud, not even the slightest. It is not contended that in fact the plaintiff was misled. So far as appears the plaintiff may have been fully aware of the precise situation before he began his work. Of course he knew upon whose orders he was called upon to work and furnish materials. He knew the premises to be improved. It is most probable that diligent inquiry would have disclosed whether the person to whom

service was to be rendered was the owner, contractor, sub-contractor or an agent of either of these. Inquiry of the owner would have disclosed the fact whether the work was being done by him or not, and if by contract, who was the contractor. There is no suggestion that any inquiries what-soever were made. Unless such inquiries, if they had been made, were answered by such a series of falsehoods as would brand the whole transaction as fraudulent and void, there would have been no difficulty in ascertaining the existence of a contract. "In requiring the filing of the contract there was undoubtedly an intention that such filing should operate as a notice; but that there was in the mind of the legislature any particular fact which should exist to supply a clue to the final instrument, is not probable. So long as there exist clues other than the name of the owner, it cannot be said that the filing of any contract does not subserve the purpose of the act." *Earle* v. *Willets, supra.*

The judgment under review, in so far as it concerns the appellant, will be reversed.